# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

LAUREN HOWIE LAUR,

        Plaintiff,

    v.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT (*sic*), The Estate of
TYLER GAIDISH (*sic*) and MICHAEL
KRANZ,

        Defendants.

Case No:     14C0027

## DEFENDANTS' PRETRIAL REPORT

    COME NOW defendants, by their attorneys and provide the court with the following pretrial report:

**1.    SUMMARY OF CASE**

    On the night of February 25, 2011, at 1:00 in the morning, plaintiff was driving her 2008 Nissan Rogue SUV. She was weaving all over the road, hitting snowbanks and approaching, if not crossing the centerline. A citizen, Connie Meyer, was traveling behind plaintiff and called the police to alert them to plaintiff's driving. Plaintiff pulled into a gas station just as a police car caught up to her.

After field sobriety tests, plaintiff was arrested for operating under the influence. While being questioned, plaintiff stated that she had marijuana and a marijuana pipe in her SUV. Police searched the SUV and found the drug and pipe. The officer who arrested plaintiff was named Tyler Gaidish.

Plaintiff was taken to the Mequon Police Station for booking. Standard booking procedures were followed: plaintiff was fingerprinted, questioned about her background and photographed. The officer who took the fingerprints and photographs was Michael Kranz.

During the booking process Officer Kranz asked plaintiff if she had any tattoos. Plaintiff said she had two tattoos. Concerning the tattoos, Officer Kranz asked plaintiff "Are they in an appropriate area that I can take a picture of them?" Plaintiff answered "yeah."

Before actually taking the photos, Officer Kranz again asked if the tattoos were "in an appropriate place." Plaintiff responded "Yeah, its fine."

Officer Kranz took one photo of a tattoo located in the rib cage area below plaintiff's right armpit. He took a second photo of a tattoo on plaintiff's hip. Plaintiff held her clothing aside so that the photos could be taken. While taking the photos, Officer Kranz was standing with his back to the plaintiff, approximately 11' away, across the room. The camera which took the photos was mounted on the wall above Officer Kranz' head and was controlled by a computer.

Plaintiff now claims that she was 'traumatized' while at the police station because the photographs of her tattoos amount to a strip search in contravention of the 4th Amendment.

Defendants deny that the photos were in any way improper. Defendants twice asked plaintiff if the tattoos were in locations which were appropriate to photograph, and plaintiff said it was fine. Plaintiff could have said that the tattoos were in a private location and that would have ended the matter. Moreover, it was plaintiff herself who controlled the movement of her clothing. Officer Kranz was 11' away, across the room, standing with his back to the plaintiff, while he manipulated the camera controls through a computer.

2.  STATEMENT OF THE ISSUES

Plaintiff's Amended Complaint purports to sue four persons: The City of Mequon, "The City of Mequon Police Department," "The Estate of Tyler Gaidish" and Michael Kranz.

First of all, there is no person known as the "City of Mequon Police Department." It has long been the law in the 7th Circuit that "a police department in not a suable entity under § 1983." *See* Best v. City of Portland 554 F. 3d 698 at 698 n. 1 (7th Cir. 2009). *See also* Buchanan v. City of Kenosha 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999)(collecting cases). Thus, the "City of Mequon Police Department" must be dismissed *ab initio*.

There is no person known as "The Estate of Tyler Gaidish" either. That issue will be the subject of a separate motion.

Plaintiff's Amended Complaint mentions four claims: A) Violation of the 4th Amendment prohibition against unreasonable search; B) Violation of Wisconsin Stats. § 968.255 concerning strip searches; C) Supervisory liability on the "police department" and; D) A host of make-weight claims including "Monell" liability against the City of Mequon, excessive force in the arrest, deficient hiring practices and failing to train, supervise and discipline police officers. Each claim will be briefly examined.

A.  4th Amendment unreasonable search

Quite simply, defendants deny that they conducted an unreasonable search.

B.   Wisconsin Stats. § 968.255

Plaintiff asserts a pendent state law claim under Wisconsin Stats. § 968.255. Defendants do not believe that this statute envisions a private right of action for its violation. No matter. The court will have to dismiss this claim anyway, because plaintiff has failed to comply with a condition precedent.

Under Wisconsin law, specifically Wis. Stats. § 893.80, in order to sue a municipal employee, or a municipality, on a state law claim, a claimant must serve a Notice of Injury on the government defendant, and must provide the government defendant with a Claim for Damages. In the case at bar, plaintiff never served any of the defendants with a Notice of Injury, nor did she provide the defendants with a proper Claim for Damages. Defendants will present the court will a formal motion to dismiss the state law claim and will discuss this matter further in the supporting brief.

Furthermore, even were the pendent state law claim valid, defendants did not violate the statute.

C.   Supervisory Liability

Plaintiff asserts that the City of Mequon and the Mequon Police Department (*sic*) are liable for failing to supervise Officer Kranz. There is no suable entity known as the Mequon Police Department.

As to Mequon itself, defendants do not believe there is any evidence of a failure to supervise in this case. Neither of the officers involved in the arrest was a supervisor. Moreover, plaintiff has not named any supervisor as a defendant in this matter.

D.   Monell Liability, *et al*

Monell is concerned with violations which trace their origin to written or *de facto* policies of a municipality. The Police Chief in this case has testified that Mequon's policy is not to perform strip searches. Mequon officers are not trained to do strip searches. If a strip search is needed, Mequon officers are directed to take the criminal to the Washington County jail so that employees of the sheriff's department can conduct the strip search.

Thus, the Mequon policy is that its officers do not do strip searches. There is no Monell claim.

In ¶¶ 67-72, plaintiff states that Mequon's hiring policy was inadequate due to a lack of psychological testing and background checks. There is no evidence to support these contentions.

In ¶¶ 73-78, plaintiff asserts that Mequon's training, supervision and discipline of its police officers was deficient. According to plaintiff, this lead to, among other things, "recurring situations, including, but not limited to, investigating a complaint, effectuating an arrest, booking procedures and using force." (¶ 77). There is no evidence backing up any of these allegations.

In ¶ 80, plaintiff alleges that unreasonable and excessive force was used in arresting her. There is no evidence supporting such a claim.

3.  **WITNESSES**

Defendants anticipate calling the following witnesses:

A.  Police Chief Steve Graff, Mequon PD

B.  Officer Michael Kranz, Mequon PD

C.  Officer Matthew Pearce, Mequon PD.

D.  Connie Meyer 11307 N. Buntrock Ave. Mequon, WI

E.  Tom Watson, Finance Director or Veronica Rudychev, Assistant Finance Director Mequon Finance Department, or designee. 11333 N. Cedarburg Road, Mequon, WI.

4.  **EXPERTS**

    Defendants do not anticipate calling any experts at this time.

5.  **LIST OF EXHIBITS**

    See attached Exhibit A.

6.  **DESIGNATION OF TRANSCRIPTS**

    None at this time.

7.  **ESTIMATE OF TIME NEEDED TO TRY THE CASE**

    Two to two and a half days.

8.  *VOIR DIRE,* **Jury Instructions and Verdict**

    See separate documents.

Dated: June 9, 2015

By: /S/
Peter M. Farb
State Bar No: 1019032

        Attorney for Defendants, City of Mequon, City of Mequon Police Department (*sic*), The Estate of Tyler Gaidish (*sic*) and Michael Kranz
LAW OFFICES OF THOMAS P. STILP
11800 West Park Place, Suite 210
PO Box 245023
Milwaukee, WI  53224-9523
(414) 577-4328
(603) 334-7164 (fax)
Email: Peter.Farb@libertymutual.com