# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

LAUREN HOWIE LAUR,

        Plaintiff,

Case No: 14C0027

v.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT (*sic*), The Estate of
TYLER GAIDISH (*sic*)and MICHAEL
KRANZ,

        Defendants.

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

COME NOW the defendants herein and ask that the court give the following jury instructions in this matter (pattern instruction from Seventh Circuit Model Civil Jury Instructions**)** unless stated otherwise.

| | | |
|---|---|---|
| 1.01 | Function of Court and Jury |
| 1.02 | No inference from judge's questions |
| 1.04 | Evidence |
| 1.05 | Deposition testimony |
| 1.06 | What is not evidence |
| 1.08 | Consider all evidence |
| 1.11 | Weighing the evidence |
| 1.13 | Testimony of witnesses |
| 1.14 | Prior inconsistent statements or acts |
| 1.16 | Lawyer interviewing witness |
| 1.17 | Number of witnesses |
| 1.18 | Absence of evidence |
| 1.21 | Experts |
| 1.24 | Demonstrative exhibits |
| 1.25 | Multiple claims/defendants |
| 1.27 | Burden of proof |
| 1.28 | Clear and convincing |
| 1.30 | Proximate cause |
| 1.31 | No need to consider damages |
| 1.32 | Select presiding juror |
| 1.33 | Communicate with court |
| 1.34 | Disagreement among jurors |

2.07 Transcript of Recording
7.19 Liability of Municipality
7.20 Definition of Official Policy
7.22 Prefatory Damage Instruction
7.23 Compensatory damages with subparts 1 and 3 and "$1.00" finding

Special Instructions:

A. Plaintiff asserts that she was subjected to a strip search when the photos of her tattoos were taken. A strip search is defined as "a visual inspection of the naked body of a prisoner, including the anal and genital areas."

Peckham v. Wisconsin Department of Corrections 141 F. 3d 694,695 (7th Cir. 1998). *See also* Mary Beth G. v. City of Chicago 723 F. 2d 1263, 1272 (7th Cir. 1983), incorporating discussion of Tinetti v. Wittke 479 F. Supp. 486 (E.D.Wis. 1979) and Sala v County of Suffolk (E.D.N.Y. 11/28/78) (unpublished decision).

B. The test of reasonableness under the Fourth Amendment requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. You must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Bell v. Wolfish, 441 U.S. 520, 559, 99 S. Ct. 1861, 1884, 60 L. Ed. 2d 447 (1979)

Dated: June 9, 2015

By: /S/
Peter M. Farb
State Bar No: 1019032
Attorney for Defendants, City of Mequon, City of Mequon Police Department (*sic*), The Estate of Tyler Gaidish (*sic*) and Michael Kranz
LAW OFFICES OF THOMAS P. STILP
11800 West Park Place, Suite 210
PO Box 245023
Milwaukee, WI 53224-9523
(414) 577-4328
(603) 334-7164 (fax)
Email: Peter.Farb@libertymutual.com