UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

LAUREN HOWIE LAUR,

        Plaintiff,

                                                               Case No: 2:14-CV-00027

vs.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT, ESTATE OF MEQUON
POLICE OFFICER TYLER GAIDISH and
MEQUON POLICE OFFICER MICHAEL KRANZ,

        Defendants.

_____

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
_____

1.01 General: Functions of the Court and Jury
1.02 No Inference From Judge's Questions
1.04 Evidence
1.05 Deposition Testimony
1.06 What is Not Evidence
1.08 Consideration of All Evidence Regardless of Who Produced
1.10 Evidence Limited to Certain Parties
1.11 Weighing the Evidence
1.12 Definition of "Direct" and "Circumstantial" Evidence
1.13 Testimony of Witness: Deciding What to Believe
1.14 Prior Inconsistent Statements [or Acts]
1.15 Impeachment of Witness-Convictions
1.16 Lawyer Interviewing Witness
1.17 Number of Witnesses
1.18 Absence of Evidence
1.21 Expert Witnesses
1.24 Demonstrative Evidence
1.25 Multiple Claims; Multiple Plaintiffs/Defendants
1.27 Burden of Proof
1.29 Burden for Affirmative Defense/Burden-Shifting Theory
1.30 Proximate Cause
1.31 No Need to Consider Damages Instruction
1.32 Selection of Presiding Juror; General Verdict
1.33 Communication with Court

1

Case 2:14-cv-00027-RTR   Filed 06/09/15   Page 1 of 3   Document 32

1.34 Disagreement Among Jurors

7.02 General: Requirement of Personal Involvement
7.03 General: "Color of Law"
7.04 Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies
7.17 Liability of Supervisors: Elements
7.19 Liability of Municipality
7.20 Liability of Municipality: Definition of "Official Policy"
7.21 Liability of Municipality for Failure to Train: Elements
7.22 Damages: Prefatory Instruction
7.23 Damages: Compensation
7.24 Damages: Punitive

Special Instructions:

1. Defendant is alleged to have violated ss968.255

    Plaintiff must prove as follows:

    A. Defendant conducted a strip search which "means a search in which a detainee's genitals, pubic area, buttock or anus, or a female detainee's breast, is uncovered and either is exposed to view or is touched by a person conducting the search, except that if the detainee is a person defined in par. (a) 5., "strip search" means a search in which a detainee's genitals, pubic area, buttock or anus, or a female detainee's breast, is uncovered and exposed to view but is not touched by a person conducting the search unless the touching is necessary to gain the detainee's cooperation with the search or unless the touching is necessary to assist a disabled detainee's cooperation with the search."

        i. The strip search was conducted by a person of the opposite sex.

        ii. The search was recorded via photograph and video/audio.

2. Defendants' are alleged to have violated Plaintiff's Fourth and Fourteenth Amendment Rights by conducting an unreasonable /unlawful search of Plaintiff. Plaintiff must prove that

    A. Defendant searched Plaintiff's person.

    B. Defendant acted intentionally.

    C. The search was unreasonable.

by: /s/Kimberly Powers (w/ permission)
Kimberly Powers, State Bar No. 1059040
Attorney for Plaintiff
Law Offices of Kimberly Powers, SC.,
850 North Elm Grove Road
Elm Grove, WI 53122
262.786.7700/ 262.391.1588
Fax 1. 877. 554. 6136
kpowers@kpowerslaw.com



by: /s/ Joseph D. Curi
THE CURI LAW OFFICE, P.L.L.C.
Joseph D. Curi (P47811)
Attorney for Plaintiff
2875 Northwind Drive, Suite 137
East Lansing, Michigan 48823
(517) 333-9905 voice
(517) 333-9907 facsimile
e-mail: curilawoffice@tds.net