UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

Lauren Howie Laur,

        Plaintiff,

vs.                                                  Case No. 14-cv-27

City of Mequon, et al,

        Defendant.

---

**FINAL PRE-TRIAL REPORT**

---

In accordance with the Court's Final Pretrial Order dated June 8, 2015 the Parties submit the following final pretrial report in anticipation of the trial scheduled for June 29, 2015 – July 3, 2015.

1. <u>Summary Statement of Facts</u>

On February 25, 2011 Lauren Howie Laur was driving home from Boulder Junction Restaurant in Brookfield WI. Lauren had recently consumed some cocktails with her cousin. Lauren was upset because her close friend and her grandfather just passed a way. Lauren was apparently exhausted from the events and may have dosed off while driving. She realized that she might have hit a snow bank so she pulled off the road, stopping in the gas station in Mequon WI to determine if there was any damage to her car.

As Lauren was observing her car Mequon Police officers arrived. Two of those officers were Officer Gaidish and Krantz. They indicated they received a call regarding her driving. They asked Lauren to submit to field sobriety tests, which she complied with and which she passed. They asked her a series of questions regarding her identity and the events of the evening leading up to their dispatch to the gas stations. She answered all the questions. The officers did not observe any damage to Laurens car. Officer Gaidish told Lauren he did not feel comfortable with her driving at that time and asked her to take a seat in the back of his squad. She was

placed in the back of his squad with officers guns on the seat. Lauren was not free to leave. Officers Krantz and Gaidish told Lauren that her car would be towed even though there was no damage but before they do it they would search it for guns and drugs. They asked Lauren if she had any guns or dugs in the car in which she responded: "yes, a bit of weed." They proceeded to tear about her car discovering " a bit of weed" in a camel cigarette package. The approximate street value of the "weed" was under ten dollars.

Officer Gaidish placed Lauren under arrest and proceed to take her to St. Mary's Hospital for a blood draw. After her blood was drawn at St. Mary's Hospital, Lauren was transported to Mequon Police Department for booking. Lauren was finger printed and asked the standard booking questions for purposes of identification. Those questions include whether or not she had scars, cuts or tattoos.

Officer Kranz finger printed Lauren but never documented the cuts on her hands. She indicated she had scars on her face, feet and hands, cuts on her hands and tattoos on the lower portion of her right breast and rib cage and a tattoo in her pelvis/ pubic region. As Lauren was standing by Officer Krantz she pointed to the area in which the tattoos were located and he asked to photograph them. Lauren was required to remove part of her blouse, move her bra and breast for the tattoo to be viewed and photographed. Then she was required to lower her pants and underwear for the tattoo in the pubic region to be viewed and photographed. There were no photographs taken of the scars on her hands, face or feet. During this photographing, the door of the room was left open for passer by to look in.

Officer Gaidish was on the phone with the Departments Dispatcher Barbara who was working the front desk. She did not come to assist in the photographing of Lauren. There was another female officer also working that evening that was not assist in taking the photos of Lauren.

After the photos were taken and the balance of the booking information completed, Officer Gaidish allowed Lauren to be released to Laurens mother, Mary Kay Howie. Ms. Howie came to pick up Lauren at the Mequon Police station at about 4:30 am on February 26, 2011. She told Barbara the dispatcher she was there to pick up her daughter Lauren. Ms. Howie asked Officer Gaidish some questions about drinking. Ms. Howie noticed Officer Gaidish kept toughing Laurens arm and shoulder. As Ms. Howie and Lauren were ready to leave Officer Gaidish "cupped" Laurens hands with his and commented that it was a shame they had to meet

like that. A short time later Officer Gaidish showed up a Laurens work. And soon thereafter, Officer Gaidish killed himself. Lauren was charged with a misdemeanor possession of marijuana resulting in a sentence of probation and expungement. Lauren was unlawfully searched in violation of 42 USC 1983 and SS 968.255 et seq. The City of Mequon engaged in deficient Hiring Practices and Policies – Monell Liability and failed to train, supervise and discipline and the City of Mequon has a custom of condoning unlawful, unreasonable and outrageous conduct and the violation of Lauren's rights.

2. Issues of Case

   1. Did Defendants violate the provision of the Civil Rights Act of 1964, 42 U.S.C. §1983 and §968.255 by performing an unlawful search of Lauren?

   2. Did Defendants engage in deficient hiring practices and policies?

   3. Did Defendants fail to train, supervise or discipline its officers?

3. Witnesses

   Lauren Howie Laur
   12501 North Cirlce Drive
   Mequon, WI 53092

   Mary Kay Howie
   W 1386 Pine Court
   Oostburg, WI 53070

   Chief of Police Steven D. Graff
   City of Mequon Police Department
   11300 N. Buntrock Avenue
   Mequon, Wisconsin 53092

   Michael Kranz
   City of Mequon Police Department
   11300 N. Buntrock Avenue
   Mequon, Wisconsin 53092

   Barbara Rockrohr
   City of Mequon Police Department
   11300 N. Buntrock Avenue

3

Mequon, Wisconsin 53092

Kristine Studinski-Toryfter
City of Mequon Police Department
11300 N. Buntrock Avenue
Mequon, Wisconsin 53092

All personnel of the Mequon Police Department who may be called as custodians of records.

Any witnesses named by the other party.

Any and all witnesses named in depositions taken in this case.

Any and all witnesses named in interrogatories and request for production of documents.

Plaintiff reserves the right to call foundation witnesses as necessary.

Plaintiff reserves the right to call, if necessary, rebuttal witnesses to contradict or rebut evidence presented by any witnesses called by any party.

4. <u>Expert Witnesses</u>
   Mary Kay Howie, MSW, Counselor
   W 1386 Pine Court
   Oostburg, WI 53070

5. <u>Exhibits to be used</u>

1. Photograph taken by Mequon Police Department of Lauren's pubic area on February 25, 2011.

2. Photograph taken by Mequon Police Department of Lauren's breast area on February 25, 2011.

3. Mequon Police Department Booking & Charge Information Form in Case 11-3042 dated 02/25/11.

4. Photographs taken of Plaintiff prior to 02/25/11.

5. Mequon Police Department' Third Shift Log for the month of February 2011.

6. Mequon Police Department General Order 407 issued 03/02/2005.

7. Mequon Police Department General Order 408 issued 03/01/2005.

4

8. Mequon Police Department General Order 902 issued 03/26/2001.

9. Diagrams of the fingerprint/photographing room that were attached as Exhibit 8 to Officer Kranz' deposition.

10. Any photographs and videos taken of Plaintiff on February 25, 2011, while she was at the Mequon Police Department, including the booking, fingerprinting, front lobby, front parking lot and sally port.

11. Health Screen form for Case No. 11-3042 taken on 02/25/11 of Plaintiff.

12. Mequon Police Department Police Officer Field Training and Evaluation Program manual.

13. Mary Kay Howie's resume.

14. Any Exhibits listed by Defendants.

6. Designation of Portions of Depositions and Transcripts

At this time, Plaintiff does not anticipate a need to read or play an portions of deposition transcripts into the record at trial; however, if one or more witnesses designated by the Plaintiff refuse to testify, Plaintiff will request such opportunity as the need arises from the deposition transcripts.

7(a) Voir dire questions

Attached please find Plaintiff's proposed voir dire

7(b) Proposed Jury Instructions

Attached please find Plaintiff's proposed Jury Instructions

7(c) Proposed Jury Form

Attached please find Plaintiff's proposed Jury Form

Dated this 8th day of June 2015

By: __/s/_____
Kimberly Powers - Attorney at Law

Attorneys for Plaintiff:  By: __/s/_____
Joseph D. Curi - Attorney at Law

Law Offices of Kimberly Powers

850 N. Elm Grove Rd #25
Elm Grove, WI 53122
262.391.1588

Curi Law Offices LLP
2875 North Wind Dr #137
East Lansing, MI 48823
517.333.9905