UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LAUREN HOWIE LAUR,

        Plaintiff,

    v.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT (*sic*), The Estate of
TYLER GAIDISH (*sic*) and MICHAEL
KRANZ,

        Defendants.

Case No:    14C0027

## MOTION TO DISMISS STATE LAW CLAIM
## AND MOTION IN LIMINE ON STATE LAW

COME NOW the defendants herein and move the court to dismiss the claim which plaintiff has plead under Wisconsin Statute § 968.255, and move in limine to bar any mention of the state statute or its substance;

AS GROUNDS for these motions, defendants refer to the court's file herein, the annexed affidavit of Tom Watson and the following memorandum.

### ARGUMENT

In her First Amended Verified Complaint, at paragraphs 45-55, under the heading "SECOND CAUSE OF ACTION VIOLATION OF STATUTE -- SECTION 968.255 et. seq.," plaintiff asserts a pendent state law claim under Wisconsin Statute § 968.255. Briefly, she alleges that this statute prohibits certain types of searches as defined in the statute. She then claims that defendants' actions violated the statute.

Wisconsin prohibits suits against public officers and municipalities unless a claimant first files a Notice of Injury and Claim for Damages against the offending officer and municipality.

Because the claim under § 968.255 is a state law claim, it is subject to all defenses available to the defendants under state law.  As stated by Judge Adelman in <u>First Transit Inc. v City of Racine</u> 359 F.Supp.2d 782 at 785 (2005)  "when a federal court exercises diversity jurisdiction, it must apply state substantive law and "cannot give that which [the state] has withheld." Thus, if a Wisconsin court would dismiss plaintiff's suit for failure to comply with the state's notice of claim law, I must do likewise. *See Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 911 (7th Cir.1985)."   (359 F.Supp.2d  at 785 )(citations omitted).  Plaintiff's state law claim in this federal court is a pendent claim which is governed by state law.

Specifically, Wis. Stats. § 893.80(1d)(a), in pertinent part, says

> *[N]o action may be brought or maintained* against any...political corporation...nor against any officer, official, agent or employee of the corporation...for acts done in their official capacity...*unless*:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the ...political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11.  (emphasis supplied).

Wis. Stats. § 801.11, referenced at the end, is Wisconsin's statute on service of legal process, *i.e.* it governs the service of a summons and complaint on a defendant in a civil suit.  In other words, written notice of the circumstance of a claim must be served, by a process server, on the municipality **and** on the officer or employee against whom a claim is being made.

The affidavit of Tom Watson establishes that no written notice of the claim was served on the City of Mequon nor on any officer who is a party to this case.

Moreover, the next statutory subsection requires that a claim for damages be presented to the municipal clerk; in this case, the City of Mequon clerk.

2

That is, Wis. Stats. § 893.80(1d)(b) requires presentation of:

> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

Again, the affidavit of Tom Watson shows that no claim for damages was served on the City of Mequon.

In <u>Maynard v. Devries</u> 224 Wis. 224, 272 N.W. 27 (1937), the Wisconsin Supreme Court said "The filing of a verified claim is under the statutes of this state a condition precedent to the existence of a cause of action." (272 N.W. at 28). Similarly, in <u>Majerus v. Milwaukee County</u> 39 Wis. 2d. 311 (1968), the high court said compliance with the notice of injury and claim for damage statute is a "condition in fact requisite to liability." (39 Wis. 2d at 316-17).

Plaintiff's failure to comply with the statute means that her state law claim cannot proceed. The Wisconsin Supreme Court, in <u>Colby v. Columbia County</u> 202 Wis. 2d 342 (1996) ruled:

> Columbia County's primary contention in this case is that a plaintiff may not commence an action against the county until the provisions in Wis. Stat. § 893.80 have been satisfied. The County bases this presumption upon the extensive legislative history as well as the words of the statute, focusing particularly upon the statement that "no action may be brought or maintained." The County contends that in construing the statute, the phrase "no action may be brought" has a peculiar meaning in the law, such that "brought" and "commenced" are commonly deemed to be synonymous. *See Schwartz v. City of Milwaukee,* 43 Wis.2d 119, 168 N.W.2d 107 (1969). *Therefore, the County asserts that the statutory language "no action can be brought" can only mean that "no action may be commenced." We agree with this construction.*

( 202 Wis. 2d 342, 350-51)(emphasis supplied).

Because plaintiff never served a notice of injury or claim for damages, her state law claim cannot be maintained.

3

Moreover, plaintiff should be precluded from mentioning the Wisconsin statute on strip searches--Wis. Stats. § 968.255. The existence of the state statute, and compliance therewith or violation thereof, are simply irrelevant to a 4th Amendment claim for an unreasonable search.

The Seventh Circuit disposed of this issue in <u>Kraushaar v. Flanigan</u> 45 F. 3d 1040 (7th Cir, 1995). In <u>Kraushaar</u> the plaintiff asserted that he was strip searched in violation of an Illinois strip search law. The <u>Kraushaar</u> decision examines this matter at length.

In <u>Kraushaar</u> the 7th Circuit determined that the Illinois strip search statute did not give rise to a claim under 42 U.S.C. § 1983. The court reviewed Supreme Court precedent and concluded that neither a substantive due process nor a procedural due process claim could be made under the 14th Amendment. (45 F. 3d at 1047-48).

The opinion concludes

> As discussed above, state-created liberty interests do not create federally enforceable rights.
>
> In short, Davis's failure to follow procedures that are required by state law, but not by the federal Constitution, establishes only a violation of the state law. *See Gordon,* 29 F.3d at 301. The district court, therefore, properly held that the appellant could not rely upon the state strip search statute to establish either a substantive or procedural violation of his federal rights.

(45 F. 3d at 1049).

More recently, Judge Reagan of the Southern District of Illinois faced this exact issue in <u>Headrick v. Godinez</u> 2013 WL 6819228 (S.D. Ill., 2013). In <u>Headrick</u> the plaintiff sued various corrections officers for strip searching him in violation of an Illinois law governing strip searches.

Judge Reagan granted summary judgment to the defendants while observing:

> Finally, Plaintiff's reliance on an Illinois statute regulating certain strip searches (<u>725 ILL. COMP. STAT.. 5/103–1</u>) is misplaced. Even if this statute had been violated by the Defendants, it would not give rise to a constitutional claim upon which relief may be granted. As a general

4

> proposition, "[t]he federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir.2001); *see also Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989). Further, the Seventh Circuit has specifically held that Illinois' enactment of this strip-search statute did not create a federally protected liberty interest. *Kraushaar v. Flanigan,* 45 F.3d 1040, 1047 (7th Cir.1995). Therefore, even a purported violation of the statute cannot be pursued as a federal claim. *Id.* at 1047–49.

(2013 WL 6819228 at p. 3).

Based upon 7th Circuit precedent following Kraushaar, the Wisconsin strip search statute does not furnish plaintiff with either a federal claim under the 4th Amendment or admissible evidence of a violation of the 4th Amendment.

Defendants ask that the court preclude any mention of the state statute or its terms or content at the trial of this matter.

Dated: June 18, 2015

By: /S/
Peter M. Farb
State Bar No: 1019032
Attorney for Defendants, City of Mequon, City of Mequon Police Department (*sic*), The Estate of Tyler Gaidish (*sic*) and Michael Kranz
LAW OFFICES OF THOMAS P. STILP
11800 West Park Place, Suite 210
PO Box 245023
Milwaukee, WI 53224-9523
(414) 577-4328
(603) 334-7164 (fax)
Email: Peter.Farb@libertymutual.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

LAUREN HOWIE LAUR,

        Plaintiff,

v.

CITY OF MEQUON, CITY OF MEQUON POLICE DEPARTMENT (*sic*), The Estate of TYLER GAIDISH (*sic*) and MICHAEL KRANZ,

        Defendants.

Case No: 14C0027

---

### AFFIDAVIT OF TOM WATSON

---

I, Tom Watson being first duly sworn upon my oath, depose and say as follows:

1. I am the finance director for the City of Mequon, Wisconsin.

2. In my role as finance director, I have custody of all Notices of Injury and Claims for Damages which are made against the City of Mequon under Wisconsin Stats. § 893.80.

3. I have made a diligent search of the City of Mequon files and I have not found any Notice of Injury served by Lauren Howie Laur on the City of Mequon under Wis. Stats. § 893.80 (1d)(a).

4. I have made a diligent search of the City of Mequon files and I have not found any Claim for Damages filed with the city clerk's office, or the finance office, by Lauren Howie Laur against the City of Mequon under Wis. Stats. § 893.80 (1d)(b).

                                              */s/ Thomas Watson*

Subscribed and sworn to before me this 18 of June 2015.

                                              *Kathleen Andrykowski*
                                              Notary Public
                                              My commission: 8/14/16

[Notary Seal: KATHLEEN ANDRYKOWSKI, NOTARY PUBLIC, STATE OF WISCONSIN]