UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

LAUREN HOWIE LAUR,

        Plaintiff,

    v.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT (*sic*), THE ESTATE
OF TYLER GAIDISH (*sic*) and MICHAEL
KRANZ,

        Defendants.

Case No:    14 CV 27

MOTION TO DISMISS ESTATE OF TYLER GAIDISH
AND MOTION IN LIMINE ON GAIDISH' ACTIVITES
AND FOR SANCTIONS

COME NOW the defendants herein and move to dismiss "The Estate of Tyler Gaidish" as a defendant in this case. Defendants also move the court in limine prohibiting any mention of any allegedly improper activities on the part of Officer Gaidish. Finally, defendants move for sanctions against the plaintiff for misleading the court and counsel as to the existence of an Estate of Tyler Gaidish as a defendant in this case;

AS GROUNDS for these motions, defendants refer to the annexed Exhibit 1, Docket for Washington County Case No. 2012 PR 143 (taken from CCAP), the annexed Exhibit 2, a certified copy of the Washington County Probate Court Docket for Case No. 2014 PR 48, defense counsel's expenditure of approximately seven hours on the defense of a non-existent entity, and the following memorandum.

## FACTUAL BACKGROUND

Plaintiff has filed two complaints in this action. The first complaint was filed on January 10, 2014. An amended complaint was filed on January 29, 2014. The primary difference between the two documents is that the amended complaint added claims against the City of Mequon as a defendant.

Both the original and the amended complaint contain the same allegations concerning "The Estate of Tyler Gaidish." In paragraph seven of the original complaint, plaintiff alleges "Defendant, the Estate of Tyler Gaidish, is named on behalf of Officer Tyler Gaidish, deceased...." The exact same language appears in the amended complaint at paragraph eight. Both complaints go on to describe various activities of Officer Gaidish during his arrest of the plaintiff.

"The Estate of Tyler Gaidish" was supposedly served with this lawsuit by plaintiff's serving the City of Mequon. (Docket item # 10).

Tyler Gaidish lost his life under tragic circumstances on Easter Sunday, April 8, 2012.

Defendant believes that the court is familiar with CCAP, which is a data base of Wisconsin state court cases. Exhibit 1 attached hereto is the Court Record Events, *i.e.* the docket sheet, for Washington County Case No. 2012 PR 143. The court will observe that a personal representative was appointed for the purposes of foreclosing a mortgage on Tyler Gaidish's home.

In 2012 PR 143 the petition for appointment of special administrator was filed on November 9, 2012. The foreclosure went ahead, the administrator was discharged, and the case closed on April 8, 2013.

As noted, this lawsuit was filed on January 10, 2014, some nine months *after* the special administration has been closed.

That is, at the time this lawsuit was filed in federal court, there was no pending estate.

As shown on Exhibit 2 attached hereto, on April 1, 2014, plaintiff's counsel in this case, Kimberly Powers, filed a petition for special administration, identified as 2014 PR 48. This petition was filed almost 3 months *after* the complaint was filed in this court, naming "The Estate of Tyler Gaidish" as a defendant. Ms. Power's express purpose for opening an estate for Tyler Gaidish was so that she would have an entity to sue in this pending federal case.

A hearing on the petition in 2014 PR 48 was conducted on May 20, 2014. The court questioned Ms. Powers as to whether her appointment would be a conflict of interest under Supreme Court rules. The court also noted that Tyler Gaidish's parents had not been given notice of the estate hearing.

The probate court denied Ms. Powers' petition and closed 2014 PR 48 on May 29, 2014. No further proceedings concerning "The Estate of Tyler Gaidish" appear in any Wisconsin Court.

ARGUMENT

Hornbook law holds that an "estate" is not a person, either natural or artificial. For example, 31 Am. Jur. 2d Executors and Administrators § 1085, says

> "Estates" are not natural or artificial persons, and they lack legal capacity to sue or be sued, and it is well settled that all actions that survive a decedent must be brought by or against the personal representative.
>
> Neither the estate nor a beneficiary thereof is a proper party to a lawsuit; rather, the administrator or executor is the proper party plaintiff or defendant. However, a personal representative may not sue or be sued until such time as he or she has received letters of administration.

Thus it is not possible to sue an "estate" because it is not a person. In order to make a valid claim, it is necessary to sue the personal representative of the estate. If there is no personal representative, there is no one to sue.

Wisconsin follows this rule. In <u>In re Peterson's Estate</u>, 66 Wis. 2d 535 (1975) the court said: "The personal representative is vested with the title to all property of the decedent. Sec. 857.01, Stats. The powers and duties of the personal representative are expressly provided by statute to include the duty to 'contest all claims except claims which he believes are valid.' Sec. 857.03." (66 Wis. 2d at 539).

Further, " Title to personal property does not pass from a deceased person to his or her next of kin, or legatees, without administration of the estate but vests in the personal representative." <u>Peters v. Kell</u>, 12 Wis. 2d 32, 41 (1960).

Ms. Powers was obviously aware of these provisions of probate law. That is why she attempted to have herself appointed personal representative. The state court properly refused her request because it would have created an ethical violation.

At the time this suit was filed there was no entity in existence which could be sued for whatever liability Officer Gaidish might have had. Despite that fact, plaintiff named a fictional estate and attempted to serve process by serving Gaidish's former employer. Surprisingly, neither the original complaint nor the amended complaint informed the court or counsel that a fictitious entity had been named.

Moreover, in the time which has passed since the Washington County probate court dismissed Ms. Powers' petition, there has been no communication to the court or counsel that the probate court rejected her petition.

Defendants raised this issue in their answer. Plaintiff has never clarified why she is authorized to sue a non-existent entity for violations of her civil rights. It is clear that the fictitious defendant denominated as "The Estate of Tyler Gaidish" must be dismissed from this action.

Upon dismissal of the fictitious estate, Officer Gaidish is not a party; his personal representative is not a party; and his employer cannot be held responsible under a *respondeat superior* theory. See <u>Monell v. Dep't of Social Services</u> 436 U.S. 658 at 694 (1978).

In short, there is no one who can be held responsible for any alleged violations of plaintiff's civil rights by Officer Gaidish. Without a defendant in the case who is responsible for Officer Gaidish's actions, there is no claim to be made. Without a claim there is no relevance to any actions by Officer Gaidish.

As a result the court should issue an order in limine barring any testimony about any purported civil rights violations on the part of Officer Gaidish. Among other things, plaintiff alleged that Gaidish violated her rights when he searched her, both at the scene of the arrest and at the Mequon Police Station. Plaintiff contends that Gaidish's search at the police station violated Mequon policy because there may have been a female police employee available to do the search. Again, in Gaidish's absence there is no claim and none of this testimony is relevant.

As to sanctions, defense counsel has spent about 7 hours in defense of "The Estate of Tyler Gaidish." Primarily, this time has been spent: 1). reviewing the federal and state court documents; 2). reviewing the police reports concerning Officer Gaidish's actions in this case; 3). watching video of the plaintiff's interaction with Officer Gaidish; 4). questioning plaintiff about her interaction with Officer Gaidish, and; 5). preparing this motion. Defendants ask that appropriate sanctions be ordered.

Dated:  June 18, 2015

By:_____/S/_____
Peter M. Farb
State Bar No: 1019032
Attorney for Defendants, City of Mequon,
City of Mequon Police Department (*sic*), The
Estate of Tyler Gaidish (*sic*) and  Michael
Kranz
LAW OFFICES OF THOMAS P. STILP
11800 West Park Place, Suite 210
PO Box 245023
Milwaukee, WI  53224-9523
(414) 577-4328
(603) 334-7164 (fax)
Email: Peter.Farb@libertymutual.com

# In the Estate of Tyler E Gaidish

# Washington County Case Number 2012PR000143

## Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 04-08-2012 | Date of death | | |
| 2 | 11-09-2012 | Petition for special administration | | |

**Additional Text:**
to accept services of process in a foreclosure action

| 3 | 11-09-2012 | Letters/correspondence | | |
|---|---|---|---|---|

**Additional Text:**
Letter received from Atty Steven Zablocki re: Petition for Special Administration

| 4 | 11-09-2012 | Consent to serve | | |
|---|---|---|---|---|

**Additional Text:**
as special administrator from Christopher Hueneke

| 5 | 11-09-2012 | Filing fee paid | | |
|---|---|---|---|---|

**Amount**
$ 20.00

**Additional Text:**
12R 001013P

| 6 | 11-13-2012 | Order appointing special administrator | Martens, Todd K. | |
|---|---|---|---|---|

**Additional Text:**
with specific powers re foreclosure

| 7 | 11-13-2012 | Special administration letters issued | Martens, Todd K. | |
|---|---|---|---|---|

**Additional Text:**
to Atty Christopher Hueneke

| 8 | 11-14-2012 | Notice of summary procedures deadline | Kist, Denise M | |
|---|---|---|---|---|

| 9 | 11-26-2012 | Letters/correspondence | | |
|---|---|---|---|---|

**Additional Text:**
copies from Atty Hueneke to inter persons

| 10 | 04-04-2013 | Letters/correspondence | | |
|---|---|---|---|---|

EXHIBIT 1

**Additional Text:**

from Atty Hueneke

11  04-04-2013    Special administration - petition for discharge

12  04-04-2013    Affidavit

**Additional Text:**

of Attorney Chris Hueneke Supporting Petition for Discharge of Special Administrator

13  04-08-2013    Order discharging special administrator                Gonring, Andrew

14  04-08-2013    Case disposed                                          Gonring, Andrew

Case 2:14-cv-00027-RTR   Filed 06/18/15   Page 8 of 9   Document 41

| WASHINGTON COUNTY-66 CIRCUIT COURT | | Probate Court Record | | 06-11-2015 08:33 am |
|---|---|---|---|---|
| **Name** Tyler E Gaidish | **Date Of Death** 04-08-2012 | **Responsible C.O.** Andrew T Gonring | | **Case Number** 2014PR000048 |
| **Case Class** 50104 - Special Administration | | | **Estate Value: $** | |

| Filing Date/C.O. | Disposition Date/C.O. | Disposition | Next Action |
|---|---|---|---|
| 04-01-2014 Andrew T Gonring | 05-20-2014 James G. Pouros | Case disposed | |

| Party Type | Name | Address | City | St | Zip | Attorney/GAL |
|---|---|---|---|---|---|---|
| Decedent | Tyler E Gaidish | 5615 Peters Dr | West Bend | WI | 53095 | |
| Petitioner | Kimberly A Powers | PO Box 447 | Brookfield | WI | 53008 | |
| Creditor | Lauren Howie Laur | 12501 N Circle Dr | Mequon | WI | 53092 | |

| Date | Court Record Entries | Amount | C.O. Court Reporter Tape/Counter Location |
|---|---|---|---|
| 04-08-2012 | Date of death | | |
| 04-01-2014 | Petition for special administration request powers for tort litigation and re-open 12PR143 | | |
| 04-01-2014 | Consent to serve as Spec Admin and Resident Agency from Kimberly Powers | | |
| 04-08-2014 | Letters/correspondence from Atty Powers with addtl info | | |
| 04-17-2014 | Order setting time to hear petition for Special Administration - hgr May 16, 2014 at 9:00 am in BR 1 | | Andrew T Gonring |
| 04-25-2014 | Notice of hearing Hearing moved from May 16 to May 20, 2014 at 10:30 am in BR 1 | | |
| 05-19-2014 | Other papers Obituary for Tyler Gaidish | | |
| 05-20-2014 | Hearing Apprs: Atty Kimberly Powers for petitioner; CT: reviewed Federal case complaints and answers; takes judicial notice of 12PR143; Stmts by Atty Powers re petition; does not know heirs; does not know if assets in estate; CT: questions conflict of interest under Supreme Court rules; cannot grant petition as filed; concern notice not given to decedent's parents; court prints obituary for counsel; CT: cannot grant petition appointing Atty Powers as Spec Adm; Petition denied; Atty Powers asks if allowed to amend petition to appoint another atty; CT: suggest atty research issues; | | James G. Pouros Katherine M. Lopez |
| 05-20-2014 | Case disposed | | James G. Pouros |
| 05-29-2014 | Order Denying Petition | | James G. Pouros |



STATE OF WISCONSIN } SS
COUNTY OF WASHINGTON

I certify that this is a true and correct copy of a document in the possession of the Register in Probate for Washington County.
THIS CERTIFICATE IS NOT VALID UNLESS IT INCLUDES THE COURT SEAL.

06-11-2015          Denise M Kist
Date                Register in Probate

EXHIBIT 2