UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

LAUREN HOWIE LAUR,

        Plaintiff,

  v.

CITY OF MEQUON, CITY OF MEQUON
POLICE DEPARTMENT (*sic*), THE ESTATE
OF TYLER GAIDISH (*sic*) and MICHAEL
KRANZ,

        Defendants.

Case No:    14 CV 27

---

### DEFENDANTS' GENERALIZED MOTIONS IN LIMINE

COME NOW, the defendants herein and move the Court for an Order in Limine instructing all parties to refrain absolutely from making any direct or indirect reference whatsoever, in person, by counsel or through witnesses, to the evidence hereinafter specified on the following grounds:

1. The case has now been set for trial.

2. According to the pleadings, this case will involve a determination of whether plaintiff's civil rights under the 4th Amendment were violated by illegal searches on or about February 25, 2011. The officer who arrested the plaintiff was Tyler Gaidish. The officer who took plaintiff's fingerprints and mug shots was Michael Kranz.

Plaintiff claims that she was searched illegally by Gaidish when he patted her down at the police station. She also claims that she was strip searched by Kranz when he took identification photos of two tattoos--one on her right rib cage and one on her right flank.

3. Defendants request that the court enter an order precluding any mention of the fact that a non-party, Tyler Gaidish, committed suicide a few months after the events at issue in this suit. Defendants are concerned that plaintiff will assert that Gaidish's suicide proves he was mentally unstable and that this mental instability was the reason for his alleged illegal search. There is no evidence which links the suicide to the issues in this case.

Furthermore, as set forth in the separate Motion to Dismiss/Motion in Limine concerning Tyler Gaidish, there is no defendant in this case who could be held responsible for any alleged violations committed by Gaidish. Defendants incorporate the Gaidish Motions herein. Any reference to the suicide would be irrelevant and even if there were some questionable relevancy, the prejudicial impact of the suicide would far outweigh any probative value.

4. Defendants ask the court to preclude plaintiff from asking any opinion type questions of the Mequon Police Chief, Steven Graff, as to whether a strip search occurred in this case, or as to whether any internal policies of the Mequon Police Department were violated. During his deposition, Chief Graff was asked numerous questions about what actions might constitute a strip search under Wis. Stats. § 968.255. Because plaintiff did not follow the notice of claim requirements under Wisconsin law, she is prohibited from making any state law claims (even assuming that § 968.255 provides a cause of action--which defendants dispute). *See* Defendants' Motion to Dismiss/Motion in Limine on the state law claim. As such, Wis. Stats. § 968.255 is irrelevant and any opinions concerning said statue are irrelevant.

Moreover, as this court has previously held, the standard under the 4th Amendment is one of objective reasonableness. Therefore, the "violation [or lack thereof] of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson* at 454." Masel v. Mansavage 2008 WL 5134916,

*2 (W.D.Wis.)(Randa, J.). Thus, Chief Graff should not be asked any questions as to his opinions on the facts in this case under the state statute or under Mequon's internal policies.

5. Defendants request that the court enter an order precluding plaintiff from referring to Mequon Police Department internal policies (listed by plaintiff as her exhibits 6,7 and 8) and barring her from calling two witnesses she has listed: Officer Kristine Studinski-Toryfter and dispatcher Barbara Rockrohr. The court should also bar plaintiff's proposed exhibit 7 which is a schedule of the shifts worked by various police officers on the day of plaintiff's arrest.

These exhibits and witnesses should be barred because they are not relevant.

By way of explanation, plaintiff contends that Officer Gaidish violated an internal department policy by searching plaintiff at the police station. She asserts that Mequon's internal policy required Gaidish to attempt to locate a female officer or dispatcher before doing the search himself. Plaintiff's expressed reason for calling the two female employees is to show they were available to search the plaintiff in accord with Mequon's internal policies.

Here, again, under <u>Thompson</u> "violation [or lack thereof] of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." Mequon's internal policies are not relevant to the case. Likewise, whether a female employee was available or not is irrelevant under the 4th Amendment.

6. Defendants request that the court enter an order precluding plaintiff from seeking the production of any materials from defendant during the trial, for two reasons, First, discovery is now closed and any such requests should have been made during the discovery period. Second, such a request made in the presence of the jury makes it appear as though defendant has improperly withheld materials from the court.

7. Defendants request that the court enter an order precluding plaintiff from making any presentation to the jury about claims which she might have made in this case, but did not make. If plaintiff, for whatever, reason, chose not to present certain claims, by definition those claims are irrelevant to the issues to be decided by the jury. Plaintiff should not be allowed to tell the jury that certain claims could have been made but were not made, for example, because plaintiff is trying to be "reasonable."

8. Defendants also request an Order in Limine on the fact that a Motion in Limine has been filed, and that the Court has ruled on the Motion.

9. An ordinary objection during the course of trial, even though sustained with proper instructions to the jury, will not remove the prejudicial effect of the foregoing information because the prejudicial information will already have gone before the jury. As stated in O'Rear v. Fruehauf Corp. 554 F. 2d 1304, 1309 (5th Cir. 1977): **"You can throw a skunk into the jury box and instruct jurors not to smell it, but it doesn't do any good."**

Dated: June 18, 2015

By: /S/
Peter M. Farb
State Bar No: 1019032
Attorney for Defendants, City of Mequon, City of Mequon Police Department (*sic*), The Estate of Tyler Gaidish (*sic*) and Michael Kranz
LAW OFFICES OF THOMAS P. STILP
11800 West Park Place, Suite 210
PO Box 245023
Milwaukee, WI 53224-9523
(414) 577-4328
(603) 334-7164 (fax)
Email: Peter.Farb@libertymutual.com