UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LAUREN HOWIE LAUR,**

      Plaintiff,

-vs-                              Case No. 14-C-27

**THE ESTATE OF TYLER GAIDISH,
MICHAEL KRANZ, and
CITY OF MEQUON,**

      Defendants.

---

## DECISION AND ORDER

Lauren Laur alleges that she was illegally seized and strip searched by two City of Mequon police officers — Tyler Gaidish and Michael Kranz. Laur brings a Fourth Amendment claim under 42 U.S.C. § 1983. Laur also alleges that the defendants violated Wis. Stat. § 968.255, "a regulatory statute aimed at controlling law enforcement officers' conduct" during the course of a strip search. *State v. Minnett*, 846 N.W.2d 831, 834 (Wis. Ct. App. 2014). Finally, Laur brings claims for municipal liability against the City of Mequon[1] under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

This matter is set for trial to commence on June 29. Now before the

---

[1] Laur also sued the City of Mequon Police Department. This is not a suable entity. Fed. R. Civ. P. 17(b); *More v. Callahan*, No. 12-cv-905-bbc, 2014 WL 2890812, at *1 (W.D. Wis. June 25, 2014) (collecting cases). Therefore, the Police Department will be dismissed as a defendant in this case.

Court are a series of motions in limine and to dismiss certain claims. These motions are addressed herein.

I. **Strip Search Claim — Wis. Stat. § 968.255**

Defendants argue that this claim should be dismissed because Ms. Laur failed to provide notice as required by Wisconsin statute. *See* Wis. Stat. § 893.80(1d). Defendants failed to plead lack of notice as an affirmative defense. Therefore, the defense is waived. Fed. R. Civ. P. 8(c); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). Defendants' last-ditch effort to dismiss this claim also runs afoul of the Court's dispositive motion deadline, which expired months ago without a motion from either party. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule *or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery") (emphasis added).

Even if not waived, this defense fails on its merits. Under the "notice of injury" provision, no action can be brought or maintained against a governmental body or officer for acts done in their official capacity unless, within "120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served … under s. 801.11." § 893.80(1d)(a). However, the statute continues to provide that failure to give the requisite notice "shall

not bar action on the claim if the [corporation or agency] had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant …" *Id.* On February 25, 2012, just over a year after the alleged incident, counsel for Laur sent a settlement demand to Steven Graff, Chief of Police for the City of Mequon Police Department. This letter initiated an ongoing correspondence between Laur's counsel and the Mequon City Attorney. All of this occurred well before Laur filed suit in January of 2014. Therefore, Laur substantially complied with the notice of injury provisions. *See Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 835 N.W.2d 160, 187 (Wis. 2013) (purpose of notice is to "give governmental entities the opportunity to investigate and evaluate potential claims" and to "afford governmental entities the opportunity to compromise and budget for potential settlement or litigation").

The statute also provides that no action can be brought unless a "claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary … and the claim is disallowed." 893.80(1d)(b). To satisfy the "notice of claim" provision, the notice must (1) state each claimant's name and address; (2) itemize the relief that is

sought; (3) be presented to the appropriate clerk; and (4) be disallowed by the governmental body in question. *Townsend v. Neenah Joint Sch. Dist.*, 856 N.W.2d 644, 651 (Wis. Ct. App. 2014). Laur's settlement demand included her attorney's address and a settlement demand (parts 1 and 2). It was sent to the Chief of Police and forwarded to the City Attorney (part 3). Finally, Laur's claim was disallowed because the defendants rejected her settlement offer. (part 4). Therefore, Laur substantially, if not strictly, complied with the notice provisions. *Bostco LLC*, 835 N.W.2d at 187 (substantial compliance analysis guided by two principles: (1) "the claim must provide the governmental entity with enough information to decide whether to settle the claim," and (2) courts "construe claims so as to preserve bona fide claims for judicial adjudication, rather than cutting them off without a trial").

Finally, defendants argue that Laur's counsel should be precluded from mentioning the strip search statute. That will obviously be difficult now that the Court has refused to dismiss the claim. The Court agrees that a violation of Section § 968.255 does not equate to a Fourth Amendment violation (and vice versa), but the evidence used to prove these claims will obviously overlap.

- 4 -

## II.  Plaintiff's Mother as an Expert Witness

Plaintiff designated her mother, Mary Kay Howie Laur, as an expert witness. Ms. Howie is a licensed psychotherapist, and defendants argue that she should be excluded because it is unprofessional, if not illegal, for a psychotherapist to provide services to an immediate family member. This is not grounds to exclude an expert witness. *See* Fed. R. Evid. 702. If anything, Ms. Howie's relationship with the plaintiff is relevant to her credibility and is fodder for cross-examination.

## III.  Motion to Dismiss Estate of Tyler Gaidish

Officer Gaidish committed suicide a few months after the incident giving rise to this lawsuit. This is another untimely dispositive motion,[2] but the Court is compelled to grant it because the "Estate of Tyler Gaidish" is not a suable entity. Fed. R. Civ. P. 17(b)(3) (capacity to sue or be sued determined by "the law of the state where the court is located"); 31 Am. Jur. 2d Executors and Administrators § 1085 ("'Estates' are not natural or artificial persons, and they lack legal capacity to sue or be sued, and it is well settled that all actions that survive a decedent must be brought by or against the personal representative"); *In re Peterson's Estate*, 225 N.W.2d

---

[2] The defendants raised this issue as an affirmative defense in their answer, but did not formally move to dismiss the Estate of Tyler Gaidish until last week.

- 5 -

644, 646 (Wis. 1975) ("The personal representative is vested with the title to all property of the decedent. The powers and duties of the personal representative are expressly provided by statute to include the duty to 'contest all claims except claims which he believes are valid'") (citing Wis. Stats. §§ 857.01, 857.03); *In re Polo Builders*, 374 B.R. 638, 642 n.4 (Bankr. N.D. Ill. 2007) (explaining that, under Illinois law, "a decedent's estate lacks the capacity to sue or be sued").

This error cannot be corrected because there is no personal representative to sue. Laur's attorney filed a petition for special administration, but the state court rejected her petition — in error, according to Laur. *See* Wis. Stat. §§ 867.09, 856.07(2). Laur argues that the defendants should be "commanded" to file a petition for special administration. It does not appear to the Court that the City of Mequon could be granted such powers under state law. § 856.07(2) (explaining who may petition for administration). Even if the City of Mequon would be an appropriate administrator for Officer Gaidish's estate, it is not the duty of the Court or the defendants to manufacture the circumstances for an actionable claim. Instead, it was Laur's duty to identify, sue, and serve the correct defendant. By suing an unsuable entity, Laur failed to state an actionable claim for relief with respect to the actions of the late Officer

- 6 -

Tyler Gaidish. Therefore, those claims must be dismissed. Fed. R. Civ. P. 12(c).

## IV. Generalized Motions in Limine

Defendants move the Court for an order in limine on the following topics:

1. <u>That the case has been set for trial</u>. The Court, like the plaintiff, does not understand the basis for this motion. Presumably, the jurors will understand that the case has been set for trial if and when they are actually sitting in the jury box watching the trial.

2. <u>That this case will involve a determination that plaintiff's civil rights under the Fourth Amendment were violated by illegal searches on or about February 25, 2011</u>. Of course it will. The claims against Officer Gaidish have been dismissed, but Laur also alleges that she was illegally and unreasonably searched by Officer Michael Kranz.

3. <u>That Officer Gaidish committed suicide</u>. Defendants argue that this evidence is unduly prejudicial. The Court does not agree, especially since the claims against Officer Gaidish have been dismissed. Officer Gaidish's actions in this case are still relevant background information, and the jurors will naturally wonder why Officer Gaidish is not a witness (if not a defendant) in this case. If the jury learns that Officer

Gaidish is dead, and moreover that he committed suicide, the Court does not see how that can prejudice the remaining defendants in this case.

4. <u>Opinion questions as to whether a strip search occurred in this case</u>. During his deposition, Mequon Police Chief Steven Graff was asked numerous questions about what might constitute a strip search under § 968.255, Wis. Stats., or as to whether any internal policies were violated. Defendants argue that this line of questioning is not relevant to Laur's Fourth Amendment claim. This is true for purposes of the underlying violation, but if Officer Kranz was acting pursuant to an unconstitutional municipal policy, the City can be held liable for the underlying violation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker"). The City's policies are a relevant line of inquiry.

5. <u>Policies regarding staffing of female officers</u>. Laur claims that Officer Kranz's search was unreasonable under the Fourth Amendment — and also violated state law — because it was conducted by a male officer in the absence of exigent circumstances. Evidence that female officers were

- 8 -

Case 2:14-cv-00027-RTR   Filed 06/23/15   Page 8 of 10   Document 47

available to conduct the search bears upon the reasonableness of the search. Therefore, this evidence is relevant and admissible.

6. <u>Precluding plaintiff from seeking the production of any materials from defendant during trial</u>.

7. <u>Precluding plaintiff from making any presentation to the jury about claims which she might have made in this case, but did not make</u>.

8. <u>On the fact that a motion in limine has been filed, and that the Court has ruled on the motion</u>.

9. <u>An ordinary objection during the course of trial, even though sustained with proper instructions to the jury, will not remove the prejudicial effect of the foregoing information</u>. (Court's note: motion number nine appears to be an argument, not a separate motion). On the whole, these four motions are variously confusing, unnecessary, and premature.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Laur's claims against the City of Mequon Police Department are **DISMISSED**;

2. Defendants' motion to dismiss Laur's state law claims [ECF No.39] is **DENIED**;

- 9 -

3. Defendants' motion to bar expert testimony [ECF No. 40] is **DENIED**;

4. Defendants' motion to dismiss the claims against the Estate of Tyler Gaidish [ECF No. 41] is **GRANTED**; and

5. Defendants' generalized motions in limine [ECF No. 42] are **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**