# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAUREN HOWIE LAUR,**

    Plaintiff,

    -vs-                                      Case No. 14-C-27

**MICHAEL KRANZ and**
**CITY OF MEQUON,**

    Defendants.

## DECISION AND ORDER

Lauren Howie Laur alleged in this lawsuit that she was unlawfully searched in violation of the Fourth Amendment and Wisconsin's strip search statute, Wis. Stat. § 968.255. A nine-person jury said that she wasn't. Laur now moves for judgment as a matter of law, or in the alternative, for a new trial. Fed. R. Civ. P. 50(b), 59(a).

The standard for granting such motions is "steep. A verdict will be set aside as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict." *Staub v. Proctor Hosp.*, 560 F.3d 647, 658 (7th Cir. 2009); *see also Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008). Laur's motion is based on the incredible assertion that the evidence is "undisputed" that Officer Michael Kranz took photographs of her pubic area and her breast. To the contrary,

the evidence was disputed, and the jury reached a contrary conclusion. "In cases involving simple issues but highly disputed facts … greater deference should be afforded the jury's verdict than in cases involving complex issues with facts not highly disputed." *Latino v. Kaizer*, 58 F.3d 310, 314 (7th Cir. 1995). As to the Fourth Amendment claim, Laur asserts that the only plausible explanation for the jury's verdict is that they mistakenly believed that she consented to the search. No, the only plausible explanation for the jury's verdict is that they did not think that the search was unreasonable. *See* Verdict Form, Question No. 1.

Laur's motion [ECF No. 70] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2015.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**